## CLASSEN v. GLASCOCK. (No. 7010.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 24, 1923.)

Pleading ⬷214(1)—General demurrer admits allegations.

A general demurrer to a petition admits as true every allegation therein contained.

Error from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by Walter Classen against Alec Glascock. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Guinn & McNeill, of San Antonio, for plaintiff in error.

C. A. Davies, of San Antonio, for defendant in error.

COBBS, J. We adopt plaintiff in error's statement of the case as follows:

"This is a suit brought by plaintiff in error in the Seventy-Third district court of Bexar county, Tex., against the defendant in error to recover judgment on five promissory notes dated January 11, 1921, executed by defendant in error, and payable in San Antonio, Tex., to the plaintiff in error, one of said notes being for the sum of $500 payable in 30 days, and the remaining four notes being each for the sum of $1,287.50, payable 3, 6, 9, and 12 months after date thereof, respectively, with interest at the rate of 10 per cent. per annum from date and providing for the payment of 10 per cent. additional as attorney's fees; said suit further being for the foreclosure of a chattel mortgage on 668 head of sheep, 5 rams, and 25 goats that were on the same day sold by plaintiff in error to defendant in error, and on 45 to 50 head of cattle supposed to be owned by defendant in error, all described in such chattel mortgage. The notes sued on were given in part payment for the sheep, rams, and goats.

"The suit was instituted only a few days after the date of the execution of the notes and mortgage and before any of the notes became due, plaintiff in error declaring them due, and claiming that he was entitled to exercise his option to declare same due by reason of the fraud of Alec Glascock, and, under the provisions of the notes and especially under that provision of the chattel mortgage stipulating 'that the failure of the said Glascock to keep any of the covenants of the mortgage should at the option of the plaintiff cause all of said notes to become mature and payable at once, and entitle the plaintiff to take and hold possession of said property and foreclose the lien thereon,' the plaintiff claiming that the said Alec Glascock had breached that covenant of the mortgage which was as follows: 'As further security for said notes, I hereby convey and assign to said Walter Classen 45 to 50 head of cattle now on my ranch in Blanco county, and I do covenant and agree with said Classen that said cattle belong to me and are in my possession, and that there were no amounts due on same or any mortgages or liens of any kind in existence on said cattle on any of them' —alleging that said breach consisted of the fact that the said Glascock was not the owner of any such cattle, and that they were not free from mortgage; that by reason thereof and the breach of said covenant the plaintiff exercised his option and declared all of said notes due and payable on the 14th day of January, 1921, and peaceably took and holds possession of said sheep, rams, and goats in accordance with all the terms and conditions of said notes and mortgage.

"The court sustained a general demurrer to the plaintiff's petition, and the plaintiff, declining to amend, rendered judgment to the effect that plaintiff take nothing on his suit against the defendant, to all of which the plaintiff duly excepted.

"In the court below defendant filed a cross-action for the sum of $1,000, being the amount of cash he paid to the plaintiff on the purchase price of the sheep, rams, and goats. On this cross-action the court rendered judgment in favor of defendant in error against the plaintiff in error for the sum of $1,000, with interest from the 12th of January, 1921, and that all right, title, or claim of the defendant, Alec Glascock, to the sheep in question be devested out of him and vested in the plaintiff in error,

Walter Classen, plaintiff excepting to the entire judgment, and giving notice of appeal, filing his petition for a writ of error to this court on December 29, 1922, together with supersedeas bond in the sum of $2,500, and this appeal perfected."

The petition is very lengthy. Defendant in error filed general and many special exceptions and lengthy answers and cross-bills. The only exception urged by the defendant in error, and passed upon by the court, was the general exception, or demurrer, which was sustained, and petitioner's cause dismissed. A careful examination of the petition leads us to conclude that the plaintiff in error was entitled to have his case tried on its merits, since the effect of the general demurrer was to admit as true every allegation the petition contained. That being the case, it was error for the court to dismiss petitioner's cause of action and try the cause on defendant's cross-bill, and render judgment against the petitioner thereon.

The judgment of the trial court is accordingly reversed, and the cause is remanded for another trial.